UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>MARTIN VERA-RIVAS,<br><br>                           Defendant. | Case No.:  19cr3622-JLB-CAB<br><br>**ORDER RE APPEAL OF MAGISTRATE JUDGE DECISION**<br>**[Doc. No. 42]** |

The defendant Martin Vera-Rivas appeals from his conviction in a bench trial before a U.S. magistrate judge for attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). The magistrate judge had original jurisdiction to conduct the trial under 28 U.S.C. § 636(a)(4) and 18 U.S.C. § 3401.   This court has jurisdiction pursuant to 18 U.S.C. § 3402; Fed. R. Crim. P. 58 (g)(2).  Vera-Rivas has timely appealed.[1]

**I.    Background**

On May 15, 2019, Customs and Border Patrol Agent Joseph Wynglarz, was performing line-watch duties patrolling in the Southern District of California in the El

---

[1] Defendant was convicted on December 5, 2019 [Doc. No. 40] and his appeal was timely noticed on December 10, 2019. [Doc. No. 42.] Defendant, who was sentenced to time served, then moved to stay his appeal pending the outcome of certain matters before the Ninth Circuit Court of Appeals. [Doc. No. 51.] The Court granted the unopposed motion to stay. [Doc. No. 52.] On October 2, 2022, defendant asked to lift the stay and proceed with the appeal. [Doc. No. 54.] The appeal was then briefed in accordance with the Court's scheduling order.

Cajon area of operation. He was notified that a seismic intruder device had been activated in an area approximately 8 miles east of the Tecate, California Port of Entry. The area, called Zullners, was commonly known to Border Patrol as a route of travel used by illegal aliens.

Agent Wynglarz arrived at the location about 250 yards north of the United States/Mexico International Border and observed five subjects jumping from the brush and heading toward his unmarked vehicle. He conducted an immigration inspection, asking all five subjects about their citizenship, nationality, and immigration status. Vera-Rivas was one of the five individuals and stated he was citizen and national of Mexico, did not possess any immigration documents and knowingly entered the United States illegally.

Agent Wynglarz arrested all five individuals and arranged for them to be transported to the Forest Gate Processing Center in Campo, California for processing. Vera-Rivas was photographed at the processing center and interviewed that same day by Border Patrol Agent Ricardo Rabago in the Spanish language. Vera-Rivas again admitted to the interviewing agent that he was a citizen and national of Mexico, without documents to enter the United States. He admitted he knowingly illegally entered the United States by jumping the fence at the border, wore blankets on his feet to cover his tracks, and ran to the unmarked Border Patrol vehicle because he thought it was the smuggling vehicle that had been arranged to pick him up.

Vera-Rivas was charged with attempted illegal entry in violation of 8 U.S.C. § 1325(a)(1). A bench trial was held on December 5, 2019, and the magistrate judge found Vera-Rivas guilty.

Vera-Rivas argues his conviction should be vacated for three reasons: 1) the trial court erroneously admitted a photograph used by a witness to identify the defendant because it was inadmissible hearsay and inadequately authenticated; 2) the trial court erroneously admitted unreliable and improper opinion testimony by the arresting agent;

and 3) the government failed to sufficiently corroborate the defendant's admission of alienage.

## II. Legal Standard

This Court reviews the lower court's decision to admit or exclude evidence for an abuse of discretion. *United States v. Pang*, 362 F.3d 1187, 1194 (9th Cir. 2004). An evidentiary ruling will be reversed for an abuse of discretion only if any nonconstitutional error more likely than not affected the verdict. *United States v. Edwards*, 235 F.3d 1173, 1178 (9th Cir. 2000). A trial court abuses its discretion if the decision is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (*en banc*).

A claim of insufficient evidence to support a verdict is reviewed *de novo*. There is sufficient evidence to support a conviction if, reviewing the evidence in the light most favorable to the Government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Hernandez*, 105 F.3d 1330, 1332 (9th Cir. 1997).

## III. Discussion

1. <u>It Was Not an Abuse of Discretion for the Trial Judge to Admit the Photograph</u>.

Defendant argues that a photograph taken of the defendant on the day of his arrest and admitted into evidence as Government's Exhibit 1 [Doc. No. 55-1 at 6] to assist in the arresting agent's identification of the defendant at trial was inadmissible hearsay. He equates the photograph to out-of-court nonverbal conduct such as the act of pointing at someone (a non-verbal assertion) being offered as evidence of guilt.

The photograph of the defendant however is not an assertion, oral, written, or non-verbal, and is not hearsay. *United States v. May*, 622 F.2d 1000, 1007 (9th Cir. 1980). The photograph alone is making no assertion. "The admission of photographic evidence is largely a matter of discretion for the trial judge." *Id*. There was no abuse of discretion by the trial judge in overruling the defendant's hearsay objection.

The defendant further argues that there was insufficient authentication of the photograph. The authentication requirement is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). The trial court may admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification. *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).

Agent Wynglarz testified that on May 15, 2019, he contacted and arrested five individuals. Those arrestees were taken to the Border Patrol station where they were photographed. Such photographic records are kept on a system the witness described as the Border Patrol's E3 system. Agent Wynglarz prepared a report close in time to his arrest of the five individuals and incorporated the photographs taken at the Border Patrol station of those individuals into his report by accessing those photographs from the E3 system.

Agent Wynglarz testified that he went to that same system and used the event number that corresponded to the report he made on or about the day of the arrest and retrieved the photograph that was subsequently admitted as Exhibit 1. The trial judge found sufficient indicia of reliability that the photograph taken from the Border Patrol records was what it purported to be, one of the persons Agent Wynglarz arrested on May 15, 2019. Fed. R. Evid. 901. The trial judge therefore allowed the agent to testify relying on that photograph that the defendant in the courtroom was the person he arrested. There was no abuse of discretion by the trial judge in overruling the defendant's authenticity objection.

Moreover, in addition to the testimony of Agent Wynglarz identifying the defendant, the interviewing officer Agent Rabago testified at the trial and identified the defendant as the person he interviewed at the Border Patrol station on May 15, 2019, following the defendant's arrest that day. This identification is not contested on appeal. Therefore, even if the trial court erroneously admitted the photograph and testimony of the arresting agent identifying the defendant based on that photograph, the identification

of the defendant as the person arrested on May 15, 2019, was independently confirmed by Agent Rabago and therefore any error would be harmless. *Edwards*, 235 F.3d at 1178 (the error would not likely have affected the verdict).

### 2. It Was Not an Abuse of Discretion for the Trial Judge to Admit the Lay Opinion Testimony of the Agent.

Federal Rule of Evidence 701 provides that a witness who is not testifying as an expert may offer testimony in the form of an opinion if it is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of a fact in issue; and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702."

The arresting agent testified that he has been a border patrol agent for over 10 years. At the time of the arrest in this case, he was assigned to line-watch duties patrolling the border in the El Cajon area of operations. He testified that he responded to a particular area known to Border Patrol as Zullners because he was informed a seismic intrusion device had been activated. The agent testified that the Zullners area is known among agents as "a commonly used route of travel for illegal aliens to further their entry into the United States."

Defense objected that the comment was improper opinion testimony. The trial court overruled the objection. The trial court did not abuse its discretion in allowing this opinion testimony. The testimony was well within the knowledge of the arresting agent, based on his years of experience and observations as a line-watch duty officer, patrolling an area that has seismic intrusion devices.

### 3. The Defendant's Admission of Alienage was Sufficiently Corroborated.

To establish a violation of 8 U.S.C. § 1325, the United States must prove, among other things that the defendant was not a U.S. citizen at the time of the entry. When the primary evidence of citizenship offered by the Government consists of the defendant's own admissions, those admissions require some independent corroborating evidence in order to serve as the basis for a conviction. *Hernandez*, 105 F.3d at 1332.

To satisfy the corroboration requirement, the Government must introduce independent evidence tending to establish the trustworthiness of the admissions, unless the confession is, by virtue of special circumstances, inherently reliable.  Corroboration of a defendant's admission is a mixed question of law and fact that is primarily factual and is therefore reviewed for clear error. *Id.*, *citing United States v. Miller*, 874 F.2d 1255, 1279 (9th Cir. 1989).  The court finds no error.

Vera-Rivas admitted twice the elements of an illegal entry into this country, including his alienage status.  He made those admissions to Agent Wynglarz during the field interview, and he repeated them to Agent Rabago in his post-arrest interview.  He further detailed how he jumped the international border fence and wore blankets on his feet to disguise his footsteps.

These statements were corroborated by the fact that he was encountered over 8 miles from the nearest Port of Entry in an area known to be utilized by illegal entrants, an area in which border patrol has implemented seismic intruder devices.  He and four other people were observed by the border patrol agent emerging from brush as they ran toward his vehicle.  Vera-Rivas later volunteered that he ran to the agent's unmarked vehicle because he mistakenly believed it to be the vehicle smugglers had sent to pick him up.  Further, he had no documents authorizing his presence in the United States.

The Government's evidence taken as a whole constituted sufficient corroboration of the defendant's repeated admissions of his alienage such that a rational factfinder could find Vera-Rivas guilty beyond a reasonable doubt.

**AFFIRMED.**

Dated:  March 7, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge